**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:81 CR 99** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **AMIN ODETALLAH,** | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant Amin Odetallah's Motion to Expunge the Entire Record Concerning Defendant's Vacated Conviction. **Doc #: 2**. The question presented is whether a person who was sentenced pursuant to the federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq*. (the "YCA" or the "Act"), and whose conviction was set aside pursuant to 18 U.S.C. § 5021(b), is entitled to have the record of that conviction expunged. For the following reasons, the Court **DENIES** Odetallah's request to expunge his 1982 conviction, but **DIRECTS** the Federal Bureau of Investigation ("FBI") to correct the record of Odetallah's 1982 conviction to show that it was formally set aside on January 11, 1984.

**I.**

On January 21, 1982, Defendant Amin Odetallah was convicted, as a youth offender, of a violation of the Federal Firearms Act. On January 11, 1984, the Court issued an order unconditionally discharging Odetallah from probation prior to its completion and expressly

setting aside his conviction pursuant to 18 U.S.C. § 5021(b). Doc ##: 2-1 and 2-2.[1] An FBI Record, requested by Odetallah on August 11, 2016, shows that he was convicted on January 21, 1982 of a Federal Firearms Act violation and was sentenced to a period of probation, but fails to show that the conviction was set aside on January 11, 1984. Doc #: 2-3.

The Sixth Circuit addressed this precise issue in *United States v. Doe*, 556 F.2d 391 (6th Cir. 1977):

> The purpose of the Youth Corrections Act is to enhance the probability of rehabilitation of youthful offenders. The Act seeks to attain this goal in part by providing that the conviction of a youthful offender is automatically set aside if his conduct following conviction leads the court, in the exercise of its discretion, to discharge him unconditionally from probation prior to the expiration of the maximum period fixed at sentencing. However, the Act contains no provision for expungement of the record of conviction after it has been set aside and the certificate required by Section 5021(b) has been issued.

*Doe*, 556 F.2d at 392. The *Doe* court determined that "Congress could easily have provided for expungement in the Youth Corrections Act if it had so intended" such as was "contained in 21 U.S.C. § 844(b)(2) which relates to first offenders convicted of simple possession of controlled substances"– but Congress did not. *Doe*, 556 F.2d at 393 (citing *U.S. v. McMains*, 540 F.2d 387 (8th Cir. 1976)). The *Doe* court noted that, although several courts had referred to the Act as an expungement statute, none had actually ordered a record expunged. *Id.* Consequently, the *Doe*

---

[1]At that time, 18 U.S.C. § 5021(b) provided,

> Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation therefore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

*Id*. The statute was repealed on October 12, 1984.

court denied the motion to expunge the conviction based on the YCA. Since then, some district courts in other circuits have concluded that the set-aside provision of the YCA authorizes, by implication, expungement of all records of a youth offender's arrest and conviction. See, e.g., *U.S. v. Henderson*, 482 F.Supp.234 (D.N.J. 1979), *U.S. v. Doe*, 579 F.Supp.1351 (N.D. Ill.1984). However, the Sixth Circuit's decision in *Doe* is controlling; thus, the Court denies the motion to expunge Odetallah's conviction based on the YCA.

The Court notes, in passing, that there is confusion in the Sixth Circuit regarding whether federal district courts have jurisdiction to entertain expungement motions. Through July 27, 2010, the law in the Sixth Circuit was that district courts have inherent equitable authority to entertain expungement motions, subject to appellate review for abuse of discretion. *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977), *United States v. Carey*, 602 F.3d 738, 740 (6th Cir. April 19, 2010). Three months later, a divided panel of the Sixth Circuit held that a district court lacked ancillary jurisdiction over an acquitee's expungement motion. *United States v. Lucido*, 612 F.3d 871 (July 28, 2010) (Batchelder, C.J., dissenting).[2] *Lucido* was based on a *civil* case in which the Supreme Court held that district courts do not have ancillary jurisdiction to enforce provisions of a settlement agreement after the case had been dismissed with prejudice. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts addressing expungement motions after *Lucido* have either ignored *Lucido* and followed *Carey*, *e.g.*, *U.S. v. Williams*, No. 1:04-cr-126(14), 2015 WL 13528895, at *1 (S.D. Ohio Mar. 10, 2015) (Watson, J.), *U.S. v. Johnson*, No. 6-CR-261, 2012 WL 2135627, at *3 (S.D. Ohio Jun. 12, 2012) (Marbley, J.), or ignored *Carey* and followed *Lucido*, *e.g.*, *U.S. v. Polanski*, No. 1:98 CR 34, 2011 WL 2111800, at *1 (N.D. Ohio May 26,

---

[2]Dissenting Judge Batchelder stated that the Lucido court did not have the authority to overrule a prior panel decision, and *Kokkonen* was not on point.

-3-

2011) (Nugent, J.), *U.S. v. Fourtounis*, No. 1:10 CR 90, 2018 WL 6267757, at *1 (N.D. Ohio Nov. 30, 2018) (Lioi, J.). Apparently, the Sixth Circuit did not find *Carey* and *Lucido* in conflict because it denied a request for rehearing following *Carey*, and denied a request for rehearing and rehearing en banc following *Lucido*. As *Doe* is factually distinguishable from *Carey* and *Lucido*, and is a reported decision precisely on point with this case, the Court finds that it must follow *Doe* and, thus, DENIES Odetallah's motion to expunge his 1982 conviction based on the YCA.

That said, the Court has reviewed Odetallah's FBI record, which shows that Odetallah was convicted in 1982 and was sentenced to probation, but fails to state that his 1982 conviction was formally set aside on January 11, 1984. The *Doe* court noted that "28 U.S.C. § 534 has been construed to require the FBI to take reasonable measures to safeguard the accuracy of information in its criminal files which is subject to dissemination." *Doe*, 556 U.S. at 393 (citing *Tarlton v. Saxbe*, 165 U.S. App.D.C., 293, 507 F.2d 1116 (1974)). It concluded that "[i]f there are FBI records which disclose an appellant's conviction but fail to reflect the fact that it has been set aside, appellant can require the correction of those records." *Id*. 5 U.S.C. § 552a(g)(1)(C), gives district courts jurisdiction to direct federal agencies to maintain accurate records. Accordingly, the Court hereby DIRECTS the FBI to correct its record of Odetallah's 1982 conviction to show that the conviction was set aside in 1984.[3]

**IT IS SO ORDERED.**

                                        /s/ *Dan A. Polster*   *May 24, 2019*
                                       **Dan Aaron Polster**
                                       **United States District Judge**

---

[3] Even the *Lucido* court found that the district court has jurisdiction to correct inaccurate government records. 612 F.3d at 874.